**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhett Bryce Dunlap, individually, as surviving son of R. Terrence Dunlap, and as statutory plaintiff for Ann Bryson Dunlap and Cortt Trae Dunlap,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | CV 11-01360-PHX-FJM<br><br>**ORDER** |

The court has before it defendant's motion to dismiss for lack of jurisdiction (doc. 6), plaintiffs' response (doc. 12), and defendant's reply (doc. 13). We also have before us plaintiffs' motion to stay pending appeal in a related case (doc. 7), defendant's response (doc. 8), and plaintiffs' reply (doc. 10).

**I**

Defendant operates the Federal Highway Administration ("FHWA"). As of 1993, safety features that are part of a roadway on the national highway system must be crash tested and approved pursuant to National Cooperative Highway Research Project Report 350 ("Report 350"). In approximately 1999, defendant, through the FHWA, permitted a low tension 3-cable median barrier to be installed on SR 101 in Arizona. The purpose of the cable barrier was to prevent vehicles from crossing the highway median. According to plaintiffs, this barrier was not approved pursuant to Report 350.

1          On April 22, 2006, Terry Dunlap and Ann Dunlap were driving southbound on SR
2   101. Despite the cable barrier, a northbound vehicle crossed the median and entered into
3   southbound traffic, colliding with the Dunlap vehicle. Terry was killed and Ann was
4   seriously injured.

5          Plaintiffs filed an administrative claim with the FHWA on December 20, 2010. Their
6   claim was denied by the FHWA on May 13, 2011. Plaintiffs commenced this action in July
7   2011 and amended their complaint on September 14, 2011 ("the FAC") (doc. 5). Invoking
8   the Federal Tort Claims Act, plaintiffs assert two counts: (1) negligence; and (2) negligence
9   *per se*. Defendant moves to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), Fed.
10  R. Civ. P. Plaintiffs oppose the motion to dismiss and move to stay this action pending the
11  appeal of a similar action in this District to the Ninth Circuit Court of Appeals.

**II**

13         Another recent action in this district, <u>June v. United States</u>, CV-11-00901-PHX-SRB,
14  arose out of a car accident involving a low tension 3-cable median barrier in Arizona and
15  raised similar issues concerning the timeliness of the claim. The <u>June</u> plaintiff, who is also
16  represented by plaintiffs' counsel, has appealed the dismissal of her action to the Ninth
17  Circuit. Plaintiffs ask that we issue a stay in these proceedings pending resolution of <u>June</u>.
18  Defendant opposes the request, arguing that a stay will unnecessarily delay this litigation.

19         A district court may enter a stay pending resolution of other proceedings that are
20  relevant to the pending action. <u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863
21  (9th Cir. 1979). The court may do so "pursuant to its power to control its docket and
22  calendar and to provide for a just determination of the cases pending before it." <u>Id.</u> at 864.
23  Nothing in this action suggests that issuing a stay in proceedings will accomplish anything
24  other than unnecessary delay. Defendant has indicated it will stipulate to the consolidation
25  of any appeals involving the same issues as litigated in <u>June</u>. Plaintiffs' request for a stay
26  pending appeal in <u>June</u> is denied.

**III**

28         Claims under the FTCA must be presented to the applicable federal agency within two

years after the claim accrues. The claimant must then bring an action in federal court within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b). An action is time barred if a claimant fails to meet either requirement. Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984). A claim accrues when a plaintiff should know about the fact of injury and its immediate physical cause. Id. at 486-87. Here, plaintiffs knew of the injuries to Terry and Ann Dunlap and their immediate cause (the head-on collision caused by the failure of the cable barrier) at the time that the accident occurred. Accordingly, their cause of action accrued on April 22, 2006. It is irrelevant for accrual purposes whether plaintiffs were ignorant of defendant's involvement. See id. at 487 (plaintiffs' ignorance of the involvement of the United States in a fatal car accident caused by a flooded highway irrelevant to accrual of plaintiffs' cause of action under the FTCA). Plaintiffs filed their administrative claim on December 20, 2010, more than four years after the claim accrued. Thus, their claim is time barred unless the statute of limitations can be equitably tolled. See Hensley v. United States, 531 F.3d 1052, 1057 (9th Cir. 2008).

  Defendant argues that because plaintiffs' claim accrued more than two years prior to the filing of their administrative claim, we no longer have jurisdiction over this action and must dismiss under Rule 12(b)(1), Fed. R. Civ. P. Under defendant's view, equitable tolling is unavailable under the FTCA because the statute of limitations is jurisdictional. It is axiomatic that the federal courts are courts of limited jurisdiction, and are only granted the power to hear certain types of cases and controversies. A jurisdictional dismissal is a serious step. If we lack subject-matter jurisdiction, we lack power to hear the case and must dismiss an action in its entirety before reaching the merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 1012-13 (1998). Defendant relies on Marley v. United States, 567 F.3d 1030 (9th Cir. 2009) to support its argument that the two-year deadline in § 2401(b) implicates subject-matter jurisdiction. After reviewing Ninth Circuit cases and the Supreme Court's reasoning in John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 128 S. Ct. 750 (2008), Marley concluded that the statute of limitations listed in § 2401(b) is jurisdictional. Marley, 567 F.3d at 1035-38. But Marley did not have the benefit of recent

Supreme Court precedent addressing the jurisdictional impact of filing prerequisites similar to the timing requirements listed in § 2401(b).

In a series of recent cases, the Supreme Court has addressed courts' misapplication of the label "jurisdiction" to what are actually merits-based dismissals for failure to state a claim. Arbaugh v. Y&H Corp., 546 U.S. 500, 511, 126 S. Ct. 1235, 1242 (2006). To determine whether a federal statute's prerequisite for relief is truly jurisdictional, Arbaugh applied what it characterized as a "readily administrable bright line" rule:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. . . [b]ut when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

Id. at 515-16, 126 S. Ct. at 1245 (internal citation omitted). Based on this principle, Arbaugh concluded that Title VII's fifteen employee requirement was not jurisdictional. Id. In 2010, the Court again highlighted the distinctions between "jurisdictional prescriptions and claim-processing rules." Reed Elsevier, Inc. v. Muchnick, __ U.S. __, 130 S. Ct. 1237, 1244 (2010). Reed Elsevier followed Arbaugh's approach by reviewing 1) the statutory text to determine whether it clearly states that the limitation is jurisdictional, 2) the statute's structure to see where the limitation is placed in relation to the jurisdiction-granting portion of the statute, and 3) whether any other factors suggest that the requirement is jurisdictional. Based on these factors, the Court concluded that § 411(a) of the Copyright Act, which requires registration of a copyright claim, was not jurisdictional. Id. at __, 130 S. Ct. at 1244-48. The Court followed the same approach and concluded that the 120 day deadline for filing a notice of appeal for a veteran claim was not jurisdictional. Henderson ex rel. Henderson v. Shinseki, __U.S. __, __, 131 S. Ct. 1197, 1206 (2011). Shinseki reiterated the point that claim-processing rules "should not be described as jurisdictional," noting that "[f]iling deadlines, such as the 120-day filing deadline at issue here, are quintessential claim-processing rules." Id. at __, 131 S. Ct. at 1203. Most recently, the Court applied the above analysis to conclude that the requirement that a habeas petitioner must obtain a certificate of appealability to appeal a district court's habeas ruling, 28 U.S.C. § 2253(c)(3),

is not jurisdictional. Gonzalez v. Thaler, __ U.S. __, 132 S. Ct. 641, 648-52 (2012).

The Ninth Circuit has begun applying Arbaugh, Reed Elsevier, and Shinseki's analysis to determine whether a statutory requirement is jurisdictional or merely a claim-processing rule. In 2011, the court sitting *en banc* held that the exhaustion requirement in the Individuals with Disabilities Education Act was a claim-processing rule, overruling its earlier decisions that classified the requirement as jurisdictional. Payne v. Peninsula Sch. Dist., 653 F.3d 863, 870-71 (9th Cir. 2011). And in January 2012, the Ninth Circuit stated that Arbaugh, Reed Elsevier, and Shinseki "compel[] [it] to conclude that participant status is an element of an ERISA claim, not a jurisdictional limitation." Leeson v. Transmerica Disability Income Plan, __ F.3d __, 2012 WL 171598, at *9 (9th Cir. 2012). Leeson overruled prior cases holding that ERISA participant status is a "prerequisite to federal court subject matter jurisdiction." Id. Indeed, the three-judge panel in Leeson found that Supreme Court precedent was so "clearly irreconcilable" with its prior decisions addressing the jurisdictional effect of ERISA that it applied an exception to the general rule that a panel may not overrule a prior panel opinion. Id. at *8 (citation omitted).

Post-Marley jurisprudence counsels that we apply the analysis outlined in Arbaugh to determine whether § 2401(b) is jurisdictional or a claim-processing rule. We begin with the Supreme Court's suggestion that a filing deadline like that in § 2401(b) is a "quintessential claim-processing rule[]," and look to see if there is a clear indication that Congress intended the rule to be jurisdictional. Shinseki, __ U.S. __, 131 S. Ct. at 1203. We first look to the text containing the two-year filing provision. Section 2401(b) states in its entirety that

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented

28 U.S.C. § 2401(b). This text does not "speak in jurisdictional terms or refer in any way to the jurisdiction" of the district courts. Shinseki, __ U.S. __, 131 S. Ct. at 1204 (citation omitted). That the two-year filing requirement is "cast in mandatory language" is not

dispositive, because requirements do not implicate the court's power to hear that type of case simply because they are mandatory. See id. at __, 131 S. Ct. at 1205. The language of § 2401(b) is similar to that examined in Shinseki, which found that text stating that a person seeking to appeal his claim to the Court of Appeals for Veterans Claims "shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed" provides "no clear indication that Congress wanted that provision to be treated as having jurisdictional attributes." Id. at __, 131 S. Ct. at 1204-05. We reach the same conclusion with respect to the text of § 2401(b).

Similarly, § 2401(b)'s placement within the FTCA does not reveal a clear intention that the two-year requirement is jurisdictional. The jurisdiction-granting portion of the FTCA states that

> [s]ubject to the provisions of chapter 171 of this title, the district courts. . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for. . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred

28 U.S.C. § 1346(b)(1). This is the operative section of the FTCA that "waives the sovereign immunity of the United States for certain torts." Smith v. United States, 507 U.S. 197, 201, 113 S. Ct. 1178, 1181 (1993). Section 2401, where the two-year statute of limitations is contained, is titled "time for commencing action against United States." It appears in chapter 161, which is titled "United States as party generally." By contrast, § 2675, which does appear in chapter 171, states that a tort action cannot be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). This section, although discussing the requirement to exhaust, does not include the two-year deadline listed in § 2401(b). See Mader v. United States, 654 F.3d 794, 805-07 (8th Cir. 2011) (holding that § 2675(a) of the FTCA is a jurisdictional requirement, noting its placement within chapter 171). In sum, 28 U.S.C. §

1346(b)(1) grants exclusive jurisdiction to the district courts over tort actions against the U.S. subject only to chapter 171. Because § 2401(b) does not appear within this chapter, the structure of the FTCA does not clearly indicate that the time limits imposed by § 2401(b) have jurisdictional impact.

Finally, § 2401(b) requires that claims be brought within two years of accrual. If a district court concludes that a tort plaintiff's claim accrued within two years of filing, he may be entitled to damages. But if the court concludes that the claim accrued more than two years before filing, his claim fails. See Leeson, __ F.3d at __, 2012 WL 171598, at *8. A claim does not accrue until a plaintiff knows about the injury and its immediate cause. Dyniewicz, 742 F.2d at 486-87. Whether an FTCA claim is timely filed necessarily depends on a district court's determination of when that claim accrued. See United States v. Kubrick, 444 U.S. 111, 119 n.6, 100 S. Ct. 352, 358 n.6 (1979) (noting that nothing in the legislative history of the original FTCA or its 1966 amendment addresses when a claim accrues under the Act). Thus, "the construction of the term [accrued] involves a merits based determination, even if it results in a dismissal." Leeson, __ F.3d at __, 2012 WL 171598, at *8.

Neither the text of § 2401(b) nor its placement in relation to the jurisdiction-granting (and immunity-waiving) provision of the FTCA presents a clear indication that Congress intended the two-year limit on presenting tort claims to a federal agency to be jurisdictional. Indeed, statutes of limitations can be waived by failing to raise them as an affirmative defense under Rule 8(c)(1), Fed. R. Civ. P. or by tolling agreements. Subject-matter jurisdiction is never waivable. A court has the duty to satisfy itself that proper jurisdiction exists at each stage of the proceedings. Permitting a party to raise statute of limitations as a jurisdictional defense on appeal after an adverse judgment, when that party waived the affirmative defense in the trial court, makes no sense. Waivable affirmative defenses cannot be non-waivable jurisdictional flaws. Thus, we conclude that the two-year statute of limitations in § 2401(b) of the FTCA is a claim processing rule and is not jurisdictional. Subject matter jurisdiction relates to the power of a court to hear the class of claims to which the claim belongs and is not defeated just because the claim is barred by a defense.

**IV**

Equitable tolling focuses on a plaintiff's "excusable ignorance" of the statute of limitations. Lehman v. United States, 154 F.3d 1010, 1016 (9th Cir. 1998). The doctrine is unavailable to those who are negligent in exercising due diligence to preserve their legal rights. Id. Its fact-intensive nature is more appropriate for resolution on summary judgment than at the pleading stage. See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995) (dismissal inappropriate "where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings").

Here, plaintiffs have pled facts alleging active concealment of the government's role in the cable barriers through its issuance of the September 2005 memorandum and its refusal beginning in 2007 to permit its employees to be deposed. It is unclear from the complaint, however, whether the plaintiffs undertook diligent efforts to uncover the operative facts before they were ultimately revealed in the April 29, 2009 depositions. See Gibson v. United States, 781 F.2d 1334, 1335 (9th Cir. 1986) (rejecting plaintiff's fraudulent concealment theory in part because "plaintiffs failed to allege that they undertook diligent efforts within the limitations period to identify" the party who injured them).

Moreover, there is a question as to whether the plaintiffs had constructive knowledge of the FHWA's involvement prior to April 29, 2009. Plaintiffs argue that the defendant's refusal in 2007 to permit its employees to be deposed "prevent[ed] Plaintiffs' counsel from learning the facts giving rise to liability." Response at 10 (emphasis added). It is unclear from the record when plaintiffs were first represented by counsel, although plaintiffs' response suggests that they were represented by counsel at least by 2007. On September 10, 2008, plaintiffs' counsel filed an action for another plaintiff against defendant under the FTCA, alleging that the FHWA was negligent in their use of low tension 3-cable median barriers in the District of Arizona. See Melvin v. United States, 08-CV-01666-SRB-PHX

(doc. 1 at ¶¶ 14-16).[1] Thus, if plaintiffs were represented by their current counsel at the time the Melvin action was filed, as plaintiffs' response to this motion suggests, plaintiffs would have constructive knowledge of defendant's potential involvement at least by September 10, 2008, the date that their counsel filed the Melvin complaint. See Morrow Crane Co. v. Affiliated FM Ins. Co., 885 F.2d 612, 614 (9th Cir. 1989) (principal is deemed to know what his agent knows concerning matters where the agent has power to bind his principal). Under these circumstances, the December 2010 filing would still be untimely.

Whether equitable tolling applies here requires further factual development. This issue may be dispositive to the viability of plaintiffs' claims. We thus invite and encourage an early motion for summary judgment on the issue of whether equitable tolling renders plaintiffs' December 20, 2010 administrative claim timely.

V

**IT IS ORDERED DENYING** plaintiffs' motion to stay pending appeal (doc. 7).

**IT IS ORDERED DENYING** defendant's motion to dismiss for lack of jurisdiction (doc. 6). This denial is without prejudice to defendant re-raising the issue of equitable tolling in a subsequent motion for summary judgment.

DATED this 15th day of February, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[1] We may take judicial notice of public records on a motion to dismiss. See Kottle v. Nw. Kidney Ctrs., 146 F.3d 1056, 1064 n.7 (9th Cir. 1998).