**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rhett Bryce Dunlap, individually, as surviving son of R. Terrence Dunlap, and as statutory plaintiff for Ann Bryson Dunlap and Cortt Trae Dunlap,<br><br>Plaintiffs,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | CV 11-01360-PHX-FJM<br><br>**ORDER** |

The court has before it defendant's motion for summary judgment (doc. 36) and separate statement of facts (doc. 37), plaintiffs' response and cross-motion for summary judgment (doc. 38) and separate statement of facts (doc. 39), and defendant's reply and response to plaintiffs' cross-motion (doc. 40). Plaintiffs did not file a reply in support of their cross-motion for summary judgment and the time for replying has expired.

The relevant facts are undisputed. On April 22, 2006, Terry Dunlap was killed and Ann Dunlap severely injured when a car traveling northbound on Highway 101 lost control, crossed the median, and collided with their car. Plaintiffs submitted administrative claims with the Federal Highway Administration ("FHA") on April 6, 2011.[1] The FHA denied the

---

[1] Defendants previously asserted that the administrative claims were submitted on December 20, 2010. They concede that this was error, and agree that the date of submission

1  claims in letters dated May 13, 2011. Plaintiffs filed this action, alleging claims under the
2  Federal Tort Claims Act ("FTCA"), on July 8, 2011.
3      Defendant moves for summary judgment, arguing that this action is barred by the
4  FTCA's statute of limitations because plaintiffs' administrative claims were not presented
5  within two years after the collision. Plaintiffs cross-move for summary judgment, arguing
6  that the action is timely.[2] The parties' arguments center on the proper interpretation of 28
7  U.S.C. § 2401(b), which states that

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

11  Id. According to plaintiffs, under the plain language of § 2401(b), an FTCA action is timely
12  either (1) if the administrative claim is presented to the agency within two years of accrual;
13  or (2) the action is filed "within six months after the date of mailing. . .of notice of final
14  denial of the claim." Id. Plaintiffs, who concede that their administrative claims were filed
15  with the FHA more than five years after the claims accrued, argue that this action is timely
16  because it was filed less than six months after the FHA denied their claims.
17      The Ninth Circuit interprets § 2401(b) as containing two timing hurdles. Dyniewicz
18  v. United States, 742 F.2d 484, 485 (9th Cir. 1984). Under § 2401(b), "[a] claim must be
19  filed with the agency within two years of the claim's accrual, and the claimant must file suit
20  within six months of administrative denial of the claim. If either requirement is not met, [the]
21  suit will be time barred." Id. Plaintiffs argue that Dyniewicz is not controlling, because in
22  that case there was no final administrative denial of the claim. Dyniewicz, however,
23  independently applied § 2401(b)'s two-year filing requirement to conclude that plaintiffs'

---

was April 6, 2011.

[2] Although plaintiffs argued in earlier filings that they were entitled to equitable tolling of the FTCA statute of limitations, on summary judgment they argue only that their action is timely. See Pls.' Resp. & Cross-Mot. at 13.

- 2 -

1  claims were untimely. The Dyniewicz plaintiffs filed an administrative claim on July 30,
2  1982 concerning a March 17, 1980 accident that killed their relatives. Id.  Although
3  Dyniewicz held that the district court erred in concluding that a letter sent by the federal
4  agency to plaintiffs constituted a notice of final denial of their administrative claim, the court
5  noted that the letter was correct in concluding that plaintiffs' claim was barred because it was
6  "not filed within two years of its accrual." Id. at 487. This district, citing Dyniewicz, has
7  held that an FTCA claim was untimely when plaintiff, who filed the action within six months
8  of the denial of his administrative claims, failed to present the claims within two years of
9  their accrual. Rayes v. United States, 967 F. Supp. 1162, 1164 (D. Ariz. 1997) (citing
10 Dyniewicz, 742 F.2d at 485).

11       Dyniewicz's interpretation of § 2401(b) is consistent with other Circuit courts'
12 holdings that, despite § 2401(b)'s use of the word "or," both the two-year and six-month
13 filing requirements must be met for an FTCA action to be timely. See Ellison v. United
14 States, 531 F.3d 359, 361-62 (6th Cir. 2008) (concluding both the two-year and six-month
15 deadlines must be satisfied, noting that "[t]hree circuits have explicitly considered and
16 rejected [plaintiff's] argument that claimants must meet just one of the two deadlines - either
17 the administrative or the court one."); Houston v. U.S. Postal Serv., 823 F.2d 896, 902 (5th
18 Cir. 1987) ("Though phrased in the disjunctive, [§ 2401(b)] requires a claimant to file an
19 administrative claim within two years and file suit within six months of its denial.")
20 (emphasis in original); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980)
21 ("Though [§ 2401(b)] is not happily drafted, common sense and the legislative history tell
22 us that it requires the claimant both to file the claim with the agency within two years after
23 accrual of the claim and then to file a complaint in the District Court within six months after
24 the agency denies the claim."). Moreover, Ellison noted that "all of the other circuits,
25 including our own, have assumed without discussion that both deadlines must be met."
26 Ellison, 531 F.3d at 362 (collecting cases from the First, Third, Fourth, Sixth, Seventh,
27 Eighth, Ninth, Tenth, and Eleventh Circuits, including Dyniewicz). Measured against this
28 mountain of case law, plaintiffs' argument that an FTCA action is timely solely because it

- 3 -

1 was filed within six months of the agency's denial of an administrative claim is unpersuasive.

2 Plaintiffs contend that requiring litigants to meet both the two-year and six-month 3 filing deadlines is unworkable, because this would require a plaintiff to file suit within six 4 months of a formal agency denial, which might never be issued.  This concern, however, is 5 addressed by 28 U.S.C. § 2675(a), which permits a party to deem an administrative claim as 6 finally denied after six months have elapsed without final disposition of the claim.  The 7 concern is also inapplicable to the facts of this case, as it is undisputed that plaintiffs received 8 a final denial of their administrative claims.

9 In order for plaintiffs' FTCA action to be timely, plaintiffs were required both to 10 present their administrative claims to the agency within two years of accrual and to file this 11 action within six months of the final denial of their claims.  Because plaintiffs did not present 12 their administrative claims until April 6, 2011, almost five years after the collision, this 13 action is time barred.  Accordingly, defendant is entitled to judgment as a matter of law.

14 **IT IS ORDERED DENYING**  plaintiffs' cross-motion for summary judgment (doc. 15 38).  **IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 36). 16 The Clerk shall enter judgment in favor of defendant and against plaintiffs.

17 DATED this 23rd day of August, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge