**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rhett B. Dunlap, | ) | No. CV 11-1360-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| United States, | ) | |
| Defendant. | ) | |

Our Order of February 11, 2016 (doc. 50) outlined the prior proceedings in this case demonstrating that all that remained was the entry of an order affirming the prior grant of summary judment. We, nevertheless, gave the parties an opportunity to be heard by inviting memoranda. We now have before us plaintiff's Response (doc. 51) and defendant's Memorandum (doc. 52).

Our Order (doc. 50) noted that *United States v. Wong,* 135 S. Ct. 1625 (2015) affirmed our prior Order of Feb. 15, 2012 (doc. 14) that a statute of limitations defense in a Federal Tort Claims Act case is just a claims processing rule, and does not deprive the court of subject matter jurisdiction and for that reason equitable tolling is available. Order of Feb. 11, 2016 at 1 (doc. 50). After all, a statute of limitations is an affirmative defense, which if not raised, is waived. In contrast, subject matter jurisdiction is not waivable.

This case, thus, is not like the other cases before the circuit which deprived the plaintiffs of the opportunity to demonstrate equitable tolling. Here, plaintiff alleged in his complaint

1  that equitable tolling applied. First Amended Complaint at 4 (doc. 5). And in his Response
2  to the government's motion to dismiss plaintiff contended that "this Court must consider
3  equitable tolling." Plaintiff's Response and Opposition [to the] Motion to Dismiss at 3 (doc.
4  12). The government argued that *Marley v. United States,* 567 F.3d1030 (9th Cir. 2009)
5  characterized the statute of limitations as jurisdictional and thus equitable tolling was
6  unavailable. We squarely rejected the government's argument and demonstrated that the
7  Supreme Court's more recent cases plainly showed that the statute of limitations was just a
8  claims processing rule and did not go to jurisdiction. Order of Feb. 16, 2012 at 3-7 (doc. 14).
9   Plaintiff here, unlike those in the other cases before the circuit, prevailed on the
10 jurisdictional point and was given a full and fair opportunity to address the merits of
11 equitable tolling. The government then filed a motion for summary judgment limited to the
12 equitable tolling defense (doc. 34). Astonishingly, after prevailing on the underlying legal
13 issue, plaintiff abandoned equitable tolling in its response to the motion for summary
14 judgment and instead argued that the case was timely for an unrelated reason. Plaintiff's
15 Response at 13 (doc. 38) ("Plaintiffs do not rely on the principles of accrual, *equitable tolling*
16 or equitable estoppel. This action is timely under §2401(b)'s six month rule."). We rejected
17 the §2401(b) contention and granted the government's motion for summary judgment on
18 equitable tolling, noting that plaintiff waived the issue. Order of Aug. 23, 2012 at 2 n.2 (doc.
19 41). Rule 56, Fed. R. Civ. P. required plaintiff to produce his evidence on the issue of
20 equitable tolling at that time or judgment would be granted against him. That is precisely
21 what happened here.

22  Yet plaintiff now seeks a second bite at the apple, frivolously contending in its
23 "Response" (doc. 51) that we "lacked legal authority to equitably toll Plaintiff's claims."
24 Response at 4. Plaintiff cannot now walk backward on its position. Once the court rules on
25 an issue, a party is not free to ignore it. Our approach carefully showed why the circuit
26 ruling (*Marley*) upon which the government relied *and which the plaintiff had opposed* had
27 been eroded by a series of Supreme Court cases admonishing the circuits to carefully
28 distinguish between claims processing rules and subject matter jurisdiction. A party cannot

litigate an issue, prevail upon it, and then contend otherwise. Doctrines of claim preclusion, issue preclusion and law of the case are calculated to prevent such mischief.

Plaintiff contends that the circuit must have remanded to relitigate the equitable tolling issue. But the circuit has said no such thing. It is more plausible to conclude that the form of the circuit's remand order tracked those entered in cases in which *Wong* would afford a party an equitable defense that was precluded by the court below. But here, plaintiff was *not* precluded by this court from raising his equitable tolling issue. Plaintiff prevailed on the *Wong* issue. Thus, remand for further consideration consistent with *Wong* simply required us to evaluate all prior proceedings to ensure plaintiff had a full and fair opportunity to litigate the issue of equitable tolling. It is clear that he did. Plaintiff abandoned the issue when he was required under Rule 56 to come forth with facts supporting *his claim* of equitable tolling.

Because plaintiff failed to controvert the government's facts on the issue of equitable tolling, it is ORDERED GRANTING defendant's motion for summary judgment again. (Doc. 36). The clerk shall enter judgment in favor of defendant and against plaintiff.

DATED this 14th day of March, 2016.

_Frederick J. Martone_
Frederick J. Martone
Senior United States District Judge